MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
HEBER LUDIM BATEN ESCALANTE, *individually and on behalf of others similarly situated*,

        *Plaintiff*,

-against-

MOUNTAIN FARMS, INC. (d/b/a DELMONICO), PAUL PREVITI, KYU OK HAN, and JINNY LEE,

        *Defendants*.
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiff Heber Ludim Baten Escalante ("Plaintiff Baten" or "Mr. Baten"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Mountain Farms, Inc. (d/b/a Delmonico) ("Defendant Corporation"), Paul Previti, Kyu Ok Han and Jinny Lee (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Baten is a former employee of Defendants Mountain Farms, Inc. (d/b/a Delmonico), Paul Previti, Kyu Ok Han and Jinny Lee.

2.    Delmonico is a Gourmet deli owned by Paul Previti, Kyu Ok Han and Jinny Lee located at 375 Lexington Avenue, New York, New York 10017.

3.    Upon information and belief, Defendants Paul Previti, Kyu Ok Han and Jinny Lee serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate the gourmet deli.

4.    Plaintiff Baten is a former employee of Defendants.

5. Plaintiff Baten was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to dishwashing, preparing salads, fruit decorations and yogurt, cutting bread for croutons, making orange juice, mopping and sweeping, bringing down dirty trays to the basement, taking out the trash, bringing new inventory to the basement, moving meats from the freezer to fridge, stocking beverages in the refrigerator and twisting and tying up cardboard boxes (hereinafter, "non-delivery, non-tip duties").

6. Plaintiff Baten regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Baten appropriately the minimum wage rate and overtime compensation for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Defendants employed and accounted for Plaintiff Baten as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

9. Regardless of his duties, Defendants paid Plaintiff Baten and all other delivery workers at the tip-credit rate.

10. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Baten's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

11. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Baten's actual duties in payroll records to avoid paying Plaintiff Baten at the minimum wage rate, and to enable them to pay Plaintiff Baten at the lower tip-credited rate by designating him as a delivery worker instead of a non-tipped employee.

12. Defendants' conduct extended beyond Plaintiff Baten to all other similarly situated employees.

13. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Baten and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

14. Plaintiff Baten now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees, and costs.

46. Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Baten's state law claims is conferred by 28 U.S.C. § 1367(a).

16. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Baten was employed by Defendants in this district.

## PARTIES

*Plaintiff Heber Ludim Baten Escalante*

17. Plaintiff Baten is an adult individual residing in New York County, New York.

18. Plaintiff Baten was employed by Defendants from approximately March 2016 until on or about July 21, 2017.

19.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Baten consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20.     At all times relevant to this Complaint, Defendants own, operate, and/or control a Gourmet deli located at 375 Lexington Avenue, New York New York 10017 under the name "Delmonico".

21.     Upon information and belief, Mountain Farms Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 375 Lexington Avenue, New York New York 10017.

22.     Defendant Paul Previti is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Paul Previti is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation.

23.     Defendant Paul Previti possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

24.     Defendant Paul Previti determined the wages and compensation of the employees of Defendants, including Plaintiff Baten, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

25.     Defendant Kyu Ok Han is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Kyu Ok Han is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation.

26.     Defendant Kyu Ok Han possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

27.     Defendant Kyu Ok Han determined the wages and compensation of the employees of Defendants, including Plaintiff Baten, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

28.     Defendant Jinny Lee is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Jinny Lee is sued individually and in his/her capacity as an owner, officer and/or agent of defendant Corporation.

29.     Defendant Jinny Lee possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

30.     Defendant Jinny Lee determined the wages and compensation of the employees of Defendants, including Plaintiff Baten, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31.     Defendants operate a Gourmet deli located at 375 Lexington Avenue, New York New York 10017.

32.     Individual Defendants Paul Previti, Kyu Ok Han and Jinny Lee possess operational control over defendant Corporation, possess an ownership interest in defendant Corporation, and control significant functions of defendant Corporation.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff Baten's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Baten, and all similarly situated individuals, referred to herein.

35. Defendants jointly employed Plaintiff Baten, and all similarly situated individuals, and are Plaintiff Baten's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

36. In the alternative, Defendants constitute a single employer of Plaintiff Baten and/or similarly situated individuals.

37. Upon information and belief, individual defendants Paul Previti, Kyu Ok Han and Jinny Lee operate defendant Corporation as either an alter ego of themselves and/or fail to operate defendant Corporation as a legal entity separate and apart from themselves by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

    (d) operating defendant Corporation for their own benefit as the sole or majority shareholders;

    (e) operating defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f) intermingling assets and debts of their own with defendant Corporation;

    (g) diminishing and/or transferring assets of defendant Corporation to protect their own interests; and

    (h) other actions evincing a failure to adhere to the corporate form.

38. At all relevant times, Defendants were Plaintiff Baten's employers within the meaning of the FLSA and NYLL.

39. Defendants had the power to hire and fire Plaintiff Baten, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Baten's services.

40. In each year from 2016 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Gourmet deli on a daily basis, such as eggplant and tomato, were produced outside of the State of New York.

*Individual Plaintiff*

42. Plaintiff Baten is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

43. Plaintiff Baten seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Heber Ludim Baten Escalante*

47. Plaintiff Baten was employed by Defendants from approximately March 2016 until on or about July 21, 2017.

48. At all relevant times, Plaintiff Baten was ostensibly employed by Defendants as a delivery worker.

49. However, Plaintiff Baten spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

50. Plaintiff Baten regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

51. Plaintiff Baten's work duties required neither discretion nor independent judgment.

52. Throughout his employment with Defendants, Plaintiff Baten regularly worked in excess of 40 hours per week.

53. From approximately March 2016 until on or about December 31, 2016, Plaintiff Baten worked from approximately 6:00 a.m. until on or about 4:00 p.m. five days a week (typically 50 hours per week).

54. From approximately January 1, 2017 until on or about July 21, 2017, Plaintiff Baten worked from approximately 7:30 a.m. until on or about 3:00 p.m. five days a week (typically 37.5 hours per week).

55. Throughout his employment with Defendants, Plaintiff Baten was paid his wages in a combination of check and cash.

56. From approximately March 2016 until on or about December 31, 2016, defendants paid Plaintiff Baten $7.50 per regular hour.

57. From approximately January 1, 2017 until on or about July 21, 2017, defendants paid Plaintiff Baten $9.15 per hour for all his hours worked.

58. Plaintiff Baten was never notified by Defendants that his tips would be included as an offset for wages.

59. Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Baten's wages.

60. Defendants did not provide Plaintiff Baten with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

*Defendants' General Employment Practices*

61. Defendants regularly required Plaintiff Baten to work in excess of forty (40) hours per week without paying him the proper minimum wage, and overtime compensation.

62. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Baten (and all similarly situated employees) to work in excess of forty (40) hours per week

8

without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

63. Plaintiff Baten was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

64. At no time did Defendants inform their employees, including Plaintiff Baten, that they had reduced their hourly wages by a tip allowance.

65. Defendants failed to inform Plaintiff Baten that his tips would be credited towards the payment of the minimum wage.

66. Defendants failed to maintain an accurate record of tips earned by Plaintiff Baten for the deliveries he made to customers.

67. Defendants required all delivery workers, including Plaintiff Baten, to perform general non-delivery, non-tipped gourmet deli tasks in addition to their primary duties as delivery workers.

68. Plaintiff Baten, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

69. Plaintiff Baten and all other delivery workers were paid at the tip-credit rate by Defendants.

70. However, under state law, Defendants were not entitled to a tip-credit because the delivery workers' and Plaintiff Baten's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

71. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

72. Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee's time if that time is devoted to a non-tipped occupation.

73. The delivery workers', including Plaintiff Baten's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general Gourmet deli work with duties, including the non-tipped duties described above.

74. In violation of federal and state law as codified above, Defendants classified Plaintiff Baten and other delivery workers as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75. Plaintiff Baten was paid his wages in a combination of checks and cash.

76. Upon information and belief, these practices were done to disguise the actual number of hours Plaintiff Baten, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, and (3) overtime wages.

77. Defendants failed to provide Plaintiff Baten and other employees with accurate wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## **FLSA COLLECTIVE ACTION CLAIMS**

78. Plaintiff Baten brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA" and Rule 23 class") who are or were employed by Defendants, or any

of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period"), as employees of Defendants (the "FLSA Class").

79. At all relevant times, Plaintiff Baten, and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

80. The claims of Plaintiff Baten stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

81. Plaintiff sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

114. Plaintiff Baten brings his New York Labor Law minimum wage, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class."

115. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

116. There are questions of law and fact common to the Class including:

a. What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d. Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e. Whether Defendants failed and/or refused to pay Plaintiff "Spread of Hours" Pay;

f. Whether Defendants improperly deducted "shorts" from the Plaintiff's wages;

g. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h. What are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

118. The claims of the representative parties are typical of the claims of the class. Plaintiff Baten and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff was and is typical of those of class members.

119. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

120. The common questions of law and fact predominate over questions affecting only individual members.

121. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiff lacks the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

122. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

82. Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

83. At all times relevant to this action, Defendants were Plaintiff Baten's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

84. Defendants had the power to hire and fire Plaintiff Baten (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

87. Defendants failed to pay Plaintiff Baten (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88. Defendants' failure to pay Plaintiff Baten (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiff Baten (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

90. Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiff Baten's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Baten (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

92. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

94. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Baten (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

95. Defendants' failure to pay Plaintiff Baten (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96. Plaintiff Baten (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

101. Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

102. At all times relevant to this action, Defendants were Plaintiff Baten's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Baten (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

103. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Baten (and the FLSA Class members) less than the minimum wage.

104. Defendants' failure to pay Plaintiff Baten (and the FLSA and Rule 23 Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105. Plaintiff Baten (and the FLSA and Rule 23 Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE

**NEW YORK STATE LABOR LAW**

106.     Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

107.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Baten overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

108.     Defendants' failure to pay Plaintiff Baten (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109.     Plaintiff Baten (and the FLSA and Rule 23 Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

110.     Plaintiff Baten repeats and re-alleges all paragraphs above as though set forth fully herein.

111.     Defendants did not provide Plaintiff Baten (and the FLSA and Rule 23 Class Members) with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

112.     Defendants are liable to Plaintiff Baten in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Baten respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and Rule 23 class action authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Baten (and the FLSA and Rule 23 class members);

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Baten (and the FLSA and Rule 23 class members);

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Baten's , and the FLSA and Rule 23 class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Baten (and the FLSA and Rule 23 class members);

(f) Awarding Plaintiff Baten (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Baten (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Baten  (and the FLSA and  Rule 23 Class members);

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Baten (and the FLSA and Rule 23 Class members);

(j) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Baten's (and the FLSA and Rule 23 Class members), compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Baten (and the FLSA and Rule 23 Class members);

(l)     Awarding Plaintiff Baten (and the FLSA and Rule 23 class) members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

(m)     Awarding Plaintiff Baten (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)     Awarding Plaintiff Baten (and the FLSA and Rule 23 Class Members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Baten (and the FLSA and Rule 23 Class Members) damages for Defendants' failure to pay him in a timely fashion, as required by NYLL § 191;

(p)     Awarding Plaintiff Baten (and the FLSA and Rule 23 class members) pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Baten (and the FLSA and Rule 23 class members) the expenses incurred in this action, including costs and attorney's fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Baten demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      October 31, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                              /s/ Michael Faillace
                    By:    Michael A. Faillace [MF-8436]
                              60 East 42nd Street, Suite 4510
                              New York, New York 10165
                              (212) 317-1200
                              *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 12, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Heber Ludim Baten Escalante

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:                     _[signature]_

Date / Fecha:                          12 de octubre de 2017

*Certified as a minority-owned business in the State of New York*