# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

michael@faillacelaw.com

May 9, 2019

**Via ECF**
Hon. Henry Pitman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: <u>Baten Escalante et al v. Mountain Farms, Inc. et al</u>
      1:17-cv-08370-HBP

Your Honor:

  This office represents Plaintiff Ausencio Herrera ("Plaintiff") in the above referenced matter. Plaintiff writes to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

  1. **Background**

  Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

  Specifically, Plaintiff alleges he was employed by Defendants during the period from approximately June 2009 until on or about January 2018. Plaintiff Herrera regularly worked over 40 hours a week. From approximately November 2011 until on or about December 2015, Defendants paid Plaintiff Herrera $5.65 per hour for all his hours worked. From approximately January 2016 until on or about December 2016, defendants paid Plaintiff Herrera $7.50 per hour for all his hours worked. From approximately January 2017 until on or about January 2018, Defendants paid Plaintiff Herrera $9.15 per hour for all his hours worked.

Page 2

Defendants categorically deny the allegations in the Complaint.

2. **<u>Settlement Terms</u>**

Plaintiff alleges he is entitled to back wages of approximately $49,388.78. Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $127,011.31 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of the damages calculations is attached as 'Exhibit B". The parties have agreed to settle this action for the total sum of $50,000. The settlement will be paid in twenty-four (24) installments.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants possessed some employment records, and if these records were credited by a fact finder, Plaintiff would likely recover substantially less unpaid wages than his damages calculation provides for. In addition, trial in this matter presented the possibility that Plaintiff may recover no wages at all.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **<u>Plaintiff's Attorneys' Fees are Fair and Reasonable</u>**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $16,650.03 from the settlement fund as attorneys' fees and costs. This represents a little bit under one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $12,684.12. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. See *Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No.

Page 3

14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.,* No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Given Plaintiff's counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF".

    ii.    Colin Mulholland's work was billed at the rate of $375 per hour. Colin is a former associate at Michael Faillace & Associates, P.C. He graduated from Cardozo School of Law in 2012. Following law school, he has cultivated an expertise in employment law, serving as a civil litigation associate at a firm in Brooklyn, New York for a three and a half year where he worked on civil and criminal matters, including over a dozen FLSA suits, before working at Michael S. Lamonsoff & Associates for a year where he worked exclusively on personal injury cases. Colin joined Michael Faillace & Associates, P.C. in May of 2017 and focused almost exclusively on litigating FLSA/NYLL claims. Mulholland's work is indicated by the initials "CM".

    iii.    Joshua Androphy's regular billing rate, which is used to calculate the lodestar amount, is $400 per hour. This is his regular billing rate for matters which he bills by the hour, and is a fair rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. At his departure from Olshan Frome Wolosky his regular billing rate was $450 per hour. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. Androphy's work is indicated by the initials "JA."

Page 4

    Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                          Respectfully submitted,

                                          /s/Michael Faillace  
                                          Michael Faillace  
                                          MICHAEL FAILLACE & ASSOCIATES, P.C.  
                                          Attorneys for the Plaintiff

Enclosures