```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
HEBER LUDIM BATEN ESCALANTE,        :
et al.,
                                    :
                Plaintiffs,             17 Civ. 8370 (HBP)
                                    :
     -against-                          ORDER
                                    :
MOUNTAIN FARMS, INC.,
doing business as                   :
"Delmonico," et al.
                                    :
                Defendants.
                                    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/19

PITMAN, United States Magistrate Judge:

This matter is before me on plaintiff Ausencio Herrera's application to approve the settlement reached between him and the defendants[1] (Letter of Michael Faillace, Esq., to the undersigned, dated May 9, 2019 (Docket Item ("D.I.") 61) ("Faillace Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

---

[1] There are a total of five plaintiffs in this action. Defendants made offers of judgment to the other four plaintiffs -- Escalante, Espinola, Salazar and Peralta -- all of whom accepted the offers. Whether the resolution of an FLSA claim through an offer of judgment requires judicial approval is an open question in this Circuit. Florencio v. Flor Azteca Deli & Grocery Inc., 18-CV-6619 (ILG)(JO), 2019 WL 2393782 at *2 (E.D.N.Y. June 6, 2019). No party has sought judicial approval of the resolution of the claims of the other four plaintiffs and I express no opinion as to whether judicial approval is necessary or whether the resolution of those plaintiffs' claims is fair and reasonable.

Herrera alleges that he worked at defendants' deli beginning in June 2009 as a delivery worker but that he spent more than 20% of each day performing "non-delivery, non-tip duties" (First Amended Complaint, dated Nov. 22, 2017 (D.I. 16) ¶¶ 77-78). Herrera brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay him the minimum wage and overtime premium pay and failed to provide the wage notices and wage statements required by the NYLL (Faillace Letter at 1 and Ex. B). According to Herrera, defendants owe him $49,388.78 in unpaid wages and overtime pay, $49,388.78 in liquidated damages, $10,000.00 in statutory penalties and $18,233.76 in prejudgment interest (Faillace Letter, Ex. B).

Defendants deny all of Herrera's claims and possess employment records that they contend would disprove Herrera's claims or significantly reduce his recovery (Faillace Letter at 2).

I held a settlement conference in this matter on September 25, 2018, but the parties were unable to agree to a settlement at that time. The parties subsequently agreed to the material terms of a settlement, and Herrera submitted the proposed settlement agreement for judicial approval on May 9, 2019 (Settlement Agreement and Release, annexed to Faillace Letter

2

(D.I. 61-1) ("Settlement Agreement")). The Settlement Agreement provides that defendants will pay a total amount of $50,000.00 -- $33,349.97 to be paid to Herrera and $16,650.03 to be paid to Herrera's counsel for fees and costs (Settlement Agreement ¶ 1). This $50,000.00 is to be paid in 23 monthly installments of $2,083.33 starting 30 days after the Court's approval of the Settlement Agreement, with a final installment of $2,083.41 (Settlement Agreement ¶ 1).

> Judicial approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

3

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, Herrera's net settlement -- $33,349.97 after the deduction of attorneys' fees and costs -- represents more than 26% of his total alleged damages and more than 67% of his claimed unpaid wages. This percentage is reasonable, especially given the potential obstacles to Herrera's recovery. See Gervacio v. ARJ Laundry Servs. Inc., 17 Civ. 9632 (AJN), 2019 WL 330631 at *1 (S.D.N.Y. Jan. 25, 2019) (Nathan, D.J.) (net settlement of 20% of FLSA plaintiff's maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 379149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable); Beckert v. Ronirubinov, 15 Civ. 1951 (PAE), 2015 WL 8773460 at *2 (S.D.N.Y. Dec. 14, 2015) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. Because the action settled prior

4

to trial, the parties will be able to avoid the burden and expense of trying the case to verdict.

Third, the settlement will enable Herrera to avoid the risk of litigation. Defendants denied Herrera's allegations and presented documentary evidence which, if credited, contradicts Herrera's claims. Given this documentary evidence and the fact that Herrera bears the burden of proof, it is uncertain whether, or how much, Herrera would recover at trial.

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel. There is no evidence to the contrary.

Fifth, there are no factors here that suggest the existence of fraud. Counsel represents that the settlement was agreed upon after extensive negotiations between the parties' attorneys.

Herrera has agreed to a release of defendants limited to wage-and-hour claims (Settlement Agreement ¶ 2). I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release

5

that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, the Settlement Agreement provides that $16,650.03 will be paid to Herrera's counsel for attorneys' fees and costs (Settlement Agreement ¶ 1). I find plaintiff's counsel's request for $16,650.03 -- slightly less than one-third of the total settlement -- to be reasonable and appropriate. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by

courts in this Circuit"). Thus, plaintiff's counsel is awarded $16,650.03 for attorneys' fees and costs.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, and the resolution of the claims of the other plaintiffs, as set forth in footnote one, above, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
September 11, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

7